953 F.2d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene WINN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-3782.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1992.
 
 Before RALPH B. GUY, Jr., ALAN E. NORRIS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Eugene Winn, a pro se federal prisoner, appeals the district court's order denying his motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in March 1988, Winn was convicted of conspiracy to possess with intent to distribute cocaine, interstate travel to further the possession and distribution of cocaine, and possession with intent to distribute and distribution of cocaine. He was sentenced to twenty-five years imprisonment and to supervised release for a minimum period of eight years. A direct appeal was filed which was voluntarily dismissed by Winn.
 
 
 3
 He subsequently filed his § 2255 motion alleging numerous instances of ineffective assistance of counsel. After being permitted to amend his § 2255 motion by the district court, Winn alleged other instances where his counsel's representation was allegedly defective and inadequate. In a lengthy opinion, the district court judge found all of Winn's allegations lacked merit. Winn then filed a timely notice of appeal.
 
 
 4
 In a rambling brief, Winn abandons most of the claims that he raised before the district court. The only two claims in his brief that can conceivably be interpreted as having been raised before the district court is that Steven Brody, his trial attorney, did not adequately represent him due to his failure to advise Winn to accept the plea offer and that he also failed to object to the prosecutor's comments during closing arguments. For the first time on appeal, he challenges the length of his sentence. He requests leave to proceed in forma pauperis, a transcript at government expense and the appointment of counsel.
 
 
 5
 Upon review, we affirm the judgment of the district court for those reasons stated by the district court in its opinion and order filed August 12, 1991.
 
 
 6
 Winn's ineffective assistance of counsel claim lacks merit because he has not shown that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense so as to render the trial unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984). A reviewing court's scrutiny of counsel's performance is highly deferential. See Cobb v. Perini, 832 F.2d 342, 347 (6th Cir.1987), cert. denied, 486 U.S. 1024 (1988).
 
 
 7
 Contrary to Winn's allegation, the plea agreement was discussed and presented to him to sign. Because the maximum penalty (ten years to life in prison) for the offense he could have pleaded guilty to, per the plea agreement, could have exposed him to a longer sentence than the one he received after trial (twenty-five years), any advice not to accept the plea offer does not constitute ineffective assistance of counsel.
 
 
 8
 His second argument fails because the prosecutor's comments during closing arguments were not impermissible and the court specifically instructed the jury about the nature of the statements made by him.
 
 
 9
 On appeal, Winn abandoned numerous claims of ineffective assistance of counsel which he raised in the district court. Issues which were raised in the district court yet not raised on appeal are considered abandoned on appeal and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 10
 Winn attempts to raise for the first time on appeal a claim attacking the length of his sentence. The court will not address an issue not raised for the first time in the district court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 11
 Accordingly, his requests to proceed in forma pauperis, for a transcript at government expense and for the appointment of counsel are denied. The judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.